UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WALTER JOHN RASON,                  )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )  Civil Action No. 07-1489 (PLF)
                                    )
R. JAMES NICHOLSON et al.,          )
                                    )
        Defendants.                 )
_____)

MEMORANDUM OPINION

In this action filed pro se, plaintiff sues the Department of Veterans Affairs ("VA") and the Department of the Treasury for applying a portion of his social security payment on July 3, 2007 to a debt owed to the VA for medical expenses.[1] Plaintiff alleges that he did not receive notice of the offset and the opportunity to dispute the debt, in violation of the due process clause. Defendants move to dismiss pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record in this case, the Court will grant defendants' Rule 12(b)(6) motion to dismiss.

---

[1] Under the federal debt-collection system,

> [t]he Department of the Treasury's Financial Management Service [] administers centralized offset through the Treasury Offset program. Offset occurs when the Federal government withholds part or all of a debtor's delinquent debt owed to the government.

31 C.F.R. § 285.5

*A. Subject Matter Jurisdiction*

Defendants assert that this Court lacks subject matter jurisdiction because plaintiff is seeking review of "a decision by the VA concerning the provision of benefits to [him]," which it claims is the exclusive province of the VA. Memorandum in Support of Defendants' Motion to Dismiss the Complaint at 2.

Under the statute governing veterans' benefits, "[t]he Secretary shall decide all questions of law and fact necessary to a decision . . . that affects the provision of benefits . . . to veterans. . . . Subject to subsection (b), the [Secretary's decision] shall be final and conclusive [and unreviewable]." 38 U.S.C. § 511.[2] The Court of Appeals for the District of Columbia Circuit has interpreted the foregoing provision as not bestowing upon "the VA *exclusive* jurisdiction to construe laws affecting the provision of veterans benefits or to consider all issues that might somehow touch upon whether someone receives veterans benefits." Broudy v. Mather, 460 F.3d 106, 112 (D.C. Cir. 2006) (emphasis in original). "Rather, it simply gives the VA authority to consider such questions when making a decision about benefits." Id. Thus, this Court is deprived of jurisdiction over matters involving veterans' benefits only if it is required "to determine first whether the VA acted properly in handling" a request for benefits. Thomas v. Principi, 394 F.3d 970, 974 (D.C. Cir. 2005) (citation and internal quotation marks omitted).

---

[2] Subsection (b) lists four exceptions to the no-review clause, none of which is applicable here. When exceptions apply, however, "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [renamed the Court of Appeals for Veterans Claims] and from there to the United States Court of Appeals for the Federal Circuit." Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000) (citing 38 U.S.C. §§ 511, 7252, 7292) (other citations omitted).

Contrary to defendants' contention, plaintiff's due process challenge to the VA's debt collection procedure does not trigger judicial review of a determination about benefits. The Court therefore is satisfied that it has subject matter jurisdiction over the complaint and, thus, denies defendants' Rule 12(b)(1) motion to dismiss. See De Magno v. United States, 636 F.2d 714, 727 (D.C. Cir. 1980) (district court had jurisdiction over claim involving VA's "affirmative action against an individual whether by bringing an action to recover on an asserted claim or by proceeding on its common-law right of set-off") (discussing similar language of predecessor statute, 38 U.S.C. § 211).

B. *Plaintiff's Due Process Claim*

Because the Court is relying on matters beyond the pleadings, defendants' Rule 12(b)(6) motion is treated as one for summary judgment. See Rule 12(d), Fed. R. Civ. P.; Order of December 13, 2007 (advising plaintiff about this possibility). Summary judgment is warranted "if the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.

The due process clause requires the government to provide sufficient notice and a meaningful opportunity to be heard on the deprivation of a protected liberty or property interest. United States v. E-Gold, Ltd., 521 F.3d 411, 415 (D.C. Cir. 2008); American Towers, Inc. v. Williams, 146 F. Supp.2d 27, 33 (D.D.C. 2001). Due process may be satisfied by either pre-deprivation procedures or "adequate post-deprivation remedies." Dickson v. Mattera, 38 Fed.Appx. 21 (D.C. Cir. 2002) (citing cases). See Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[D]eprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

While neither party has presented a clear picture of the billing history, defendants have proffered evidence that between July 2007 and September 2007, "plaintiff received three [billing] statements/letters from the VA central billing office in Atlanta, Georgia, each with instructions on the reverse side," Def.'s Mot., Ex. A (Declaration of Charles M. Dorman ¶ 4), and that he received a "fourth letter . . . stating that funds would be withdrawn by the Department of Treasury by intercepting any Federal payments made to the plaintiff since the debt remained unpaid." Id. Plaintiff's receipt of a bill is evidenced by his request for a waiver of the debt by letters of June 12, 2007 and September 5, 2007. Id. ¶ 5 & Attachments 3, 4. In addition, the Treasury Department's notice attached to the complaint advised plaintiff to contact the VA at the address provided therein "if you believe your payment was reduced by error of if you have questions about this debt." Compl. Attachment 2.

Plaintiff disputes that he owed the debt, see Supplemental Affidavit and Response of Plaintiff Walter John Rason to Defendants' Motion to Dismiss at 2, but he has not alleged that he challenged the debt through the VA's administrative process or was impeded from doing so.³ Plaintiff also faults defendants for allegedly not following the letter of the law in notifying him prior to the offset. See Supplemental Affidavit and Response of Plaintiff Walter

---

³ To the extent that plaintiff is challenging the VA's denial of his waiver requests, the Court would lack subject matter jurisdiction over that claim because it goes to the propriety of the Secretary's decision not to discharge a debt owed for medical services presumably based on established criteria. See Dorman Decl., Attachment 1, 2 (referencing Directive 4800.3); Price v. United States, 228 F.3d at 422 (district court review foreclosed where the district court must "determine first whether the VA acted properly in handling Price's request for reimbursement").

John Rason to Defendants' January 28, 2008, Motion to Dismiss at 3-4. Even if true, however, plaintiff admits, and the record shows, that he was informed by Treasury about his right to pursue a post-deprivation remedy. Plaintiff therefore has not presented a triable issue on his due process claim. See American Towers, Inc. v. Williams, 146 F. Supp.2d at 33 ("Because plaintiff . . . was also advised of its right to post-deprivation hearings . . . the Court cannot find that defendants violated plaintiff's right to procedural due process.").

    For the foregoing reasons, the Court concludes that defendants are entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 27, 2008